1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

11

12  KATHY WALKER,                          )
                                           ) No.
                                           )
13                        Plaintiff,       )
                                           )
14  v.                                     )
                                           )Complaint for the Release of
                                           )Personal Property
15  UNITED STATES OF AMERICA,              )
                                           )
16                                         )
                          Defendant.       )
17  _____       )

18  I.   JURISDICTION AND VENUE

19

20       1.   This action is brought pursuant to Title 18, 46 U.S.C.

21  § 983 General Rules for Civil Forfeiture Proceedings.

    Jurisdiction and venue in the United States District Court for

22  the Western District of Washington is proper.

23       2.   Plaintiff KATHY WALKER resides in Seattle, WA 98118,

24  in the COUNTY OF KING, in the STATE OF WASHINGTON.

25

WALKER COMPLAINT - 1

1

II.   BACKGROUND FACTS

    4.   On July 21, 2009, a warranted search occurred at 1311 12th Avenue South #C-304, Seattle, WA, the residence of Plaintiff KATHY WALKER.

    5.   On that same day, her son DIMITRIUS TINSLEY, who did not reside at the residence, was arrested and charged with drug related charges and later pled guilty to conspiracy to distribute BZP in Cause # 2:00-cr-00255-MJP.

    6.   Dimitrius Tinsley would occasionally visit his mother at her residence and had been an overnight guest of his mother during the second week of July through July 21, 2009.  He was temporarily staying at his mother's home because he had recently moved from his former apartment and was in the process of finding and renting a new apartment.

    7.   During the search of July 21, 2009, personal property belonging to KATHY WALKER was wrongfully seized by the federal law enforcement officers.

    8.   Items of the Plaintiff's property that were not owned, purchased by, or funded by her son DIMITRIUS TINSLEY were seized by the officers.

    9.   KATHY WALKER had been gainfully employed prior to the seizure of her property.  In addition, she had recently received a monetary settlement for injury/disability.  Ms. Walker can

WALKER COMPLAINT - 2

1  produce the evidence to show the means to have owned the items

2  seized, and for certain items, the receipts.

3

4  III. CLAIMS AND CAUSES OF ACTION

5        A.    RETURN OF PROPERTY

6        10.   Under the Federal Rules of Criminal Procedure Rule

7  41(g) Motion to Return Property:

8

9        [a] person aggrieved by an unlawful search and
         seizure of property or by the deprivation of property
         may move for the property's return. The motion must
10       be filed in the district where the property was
         seized.  The court must receive evidence on any
11       factual issue necessary to decide the motion.  If it
         grants the motion, the court must return the property
12       to the movant, but may impose reasonable conditions
         to protect access to the property and its use in
13       later proceedings.
         Fed. R. Crim. P. 41(g).
14

15       B.    CIVIL FORFEITURE

16       Under 18 U.S.C. Chapter 46 § 983 (A)(i)

17       … in any nonjudicial civil forfeiture proceeding
         under a civil forfeiture statute, with respect to
18       which the Government is required to send written
         notice to interested parties, such notice shall be
19       sent in a manner to achieve proper notice as soon as
         practicable, and in no case more than 60 Days after
20       the date of seizure.

21

22       To date, the Plaintiff has received no written notice of a

23  judicial forfeiture action regarding her property which was

24  seized on July 21, 2009.  The federal law enforcement officers

25  who made the arrest of Dimitrius Tinsley and those who conducted

WALKER COMPLAINT - 3

LEANNE LUCAS
ATTORNEY AT LAW
3828 BEACH DRIVE S.W., SUITE 303
SEATTLE, WASHINGTON 98116
206. 932.3492

1  the search of Ms. Walker's property, should have known that the

2  vehicle was registered to Walker and the apartment searched was

3  rented to only Walker.  She was entitled to such notice.

4

5      Under 18 U.S.C. Chapter 46 § 983 (2)(A) General rules for

6  civil forfeiture proceedings, "[a]ny person claiming property

7  seized in a nonjudicial civil forfeiture proceeding under a

8  civil forfeiture statute may file a claim with the appropriate

9  official after the seizure."   The Plaintiff seeks to have her

10 property returned to her.

11

12     Dated: DECEMBER 9, 2009       ___s/ Leanne M. Lucas_____
                                      LEANNE M. LUCAS, WSBA #37414
13                                    ATTORNEY FOR PLAINTIFF
                                      3828 BEACH DR. S.W., STE. 303
14                                    SEATTLE, WA 98116-3578
                                      206.932.3492
15

16

17

18

19

20

21

22

23

24

25

WALKER COMPLAINT - 4                          LEANNE LUCAS
                                             ATTORNEY AT LAW
                                      3828 BEACH DRIVE S.W., SUITE 303
                                        SEATTLE, WASHINGTON 98116
                                            206. 932.3492