UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Kathy Walker,

           Petitioner,

   v.

United States of America,

           Respondent.

CASE NO. 2:09-cv-01750-MJP

ORDER ON MOTION FOR DAMAGES

The above-entitled Court, having received and reviewed

1. Petitioner's Motion for Damages Against Respondent (Dkt. No. 14)

2. United States' Response in Opposition to Plaintiff's Motion for Payment of Damages to Vehicle (Dkt. No. 26)

3. Reply to Defendant's Response in Opposition to Plaintiff's Motion for Payment of Damages to Vehicle (Dkt. No. 29)

and all attached declarations and exhibits, makes the following ruling:

ORDER ON MOTION FOR DAMAGES- 1

IT IS ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that this matter is DISMISSED.

**Background**

In December 2009, Petitioner instituted this civil action (pursuant to FRCrP 41(g)) in connection with the seizure of her vehicle and other property which occurred when her son (Dimitrius Tinsley) was arrested in July 2009. At the time the indictment issued against Tinsley, the property seized from Petitioner's residence (including the vehicle in question) was listed in the "Allegations of Forfeiture." CR09-255; Dkt. No. 15, p. 4.

While her civil action was pending, Petitioner also filed a Petition for Release of Personal Property (pursuant to 21 U.S.C. § 853(n)), in her son's criminal matter. Id., Dkt. No. 59. An Ancillary Forfeiture Proceeding was eventually held in the criminal case and, as a result, Petitioner's vehicle was ordered returned to her. Id., Dkt. No. 87. Petitioner alleges that it was returned to her with exterior and interior damage that was not present when the vehicle was seized. She seeks an assessment of damages against the government to cover the cost of restoring the vehicle to its condition at the time of seizure.

**Discussion/Analysis**

Petitioner's request suffers from two defects. In the first place, because the vehicle was seized pursuant to the "Allegations of Forfeiture" in the criminal indictment, it could not properly be the subject of a civil return of property proceeding. The law in the Ninth Circuit states that "an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property." United States v. Lazarenko, 476 F.3d 642 (9th Cir. 2007)(emphasis supplied). This Court did not have jurisdiction over the vehicle in Petitioner's civil proceeding; this is further underscored by the fact that the vehicle was returned to her as part of the ancillary

1 | proceeding in Tinsley's criminal matter.  The Court notes that Petitioner does not even respond
2 | to this argument in her reply brief.

3 |      Secondly, because the ancillary criminal jurisdiction concludes upon the return of the
4 | property, Petitioner's only remedy at this point for the allegations of damage to the vehicle is via
5 | the Federal Tort Claims Act (FTCA), 38 U.S.C. § 2672 et seq. This would require Petitioner to
6 | satisfy the preliminary requirement of making an administrative claim (with the FBI) for the
7 | damages; denial of that administrative request would then lay the foundation for an FTCA claim
8 | in federal court.  The government also argues that the circumstances of this case (a vehicle seized
9 | for the dual purposes of criminal investigation and forfeiture) qualify for an exemption to FTCA
10 | liability, but that issue is not before this Court.

11 |      Petitioner's only reply to this argument is to the effect that the FTCA does not constitute
12 | an "adequate remedy at law" because it would require Petitioner to incur legal fees which she
13 | cannot afford.  Reply, p. 3.  She cites no authority for this principle and (as mentioned above)
14 | makes no response at all to the government's argument that this Court does not have the option
15 | of exercising equitable jurisdiction pursuant to her civil cause of action.

16 |      While concurring with Petitioner that this is an unfortunate and potentially inequitable
17 | result, the Court must agree with the government that Petitioner has exhausted the possibilities
18 | presented by her son's criminal matter and the above-entitled civil suit concerning the property
19 | seized in the course of her son's arrest.  She must find her remedy under the FTCA, if it exists at
20 | all.

21 |      Agreeing that there is no further jurisdiction and no issues remaining to be resolved, the
22 | Court has no alternative but to deny Petitioner's motion and to dismiss this action.

23
24

ORDER ON MOTION FOR DAMAGES- 3

1

2  The clerk is ordered to provide copies of this order to all counsel.

3  Dated January 7, 2011.

4

5

6  _____
   Marsha J. Pechman
7  United States District Judge

ORDER ON MOTION FOR DAMAGES- 4